

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0287-20

---

**HAPPY TRAN PHAM, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

---

**YEARY, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

Despite his claim of self-defense, Appellant was convicted of murder and his

punishment was assessed by a jury at life in the penitentiary. His conviction was affirmed

on appeal. *Pham v. State*, 595 S.W.3d 769 (Tex. App.—Houston [14th Dist.] 2019). We

granted Appellant's petition for discretionary review to address two issues. First, was the

court of appeals correct to decide that the trial court did not err by refusing Appellant's

guilt-phase request for a jury instruction on "threat of force" under Section 9.04 of the

Texas Penal Code? TEX. PENAL CODE § 9.04. Second, should the court of appeals have

sustained Appellant's complaint that his trial counsel rendered constitutionally ineffective assistance by failing to investigate the availability of mitigating evidence for the punishment phase of trial? Answering both questions "no," the Court affirms the court of appeals' judgment. I join the Court's disposition and opinion as to both issues, and I write separately only to supplement its rationale and to say that, while the Court's opinion limits its review of Appellant's constitutional effectiveness of counsel claim to the prejudice prong of that analysis, I also agree with the Court of Appeals' conclusion that trial counsel has not been shown to have performed deficiently in this case.

## SECTION 9.04 INSTRUCTION

## Threat of Deadly Force versus Use of Deadly Force

Section 9.04 renders the mere *threat* to cause death or serious bodily injury by the production of a weapon "not to constitute the use of deadly force," so long as the actor's purpose is limited to creating the apprehension that he will only carry out the threat "if necessary[.]"[1] And since the threat to use a weapon does *not* constitute deadly force under Section 9.04, it may lawfully be used to counter the use of unlawful non-deadly force

---

[1] Section 9.04 reads, in its entirety:

> The threat of force is justified when the use of force is justified by this chapter. For purposes of this section, a threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force.

TEX. PENAL CODE § 9.04.

against the actor.[2] In contrast, Appellant's case does not involve only a *threat* to use a weapon to cause serious bodily injury or death. To counter whatever level of threat he perceived Mai to be posing to him, Appellant eventually used his weapon to actually *cause* serious bodily injury and death. He was charged, accordingly, with murder, not assault by threat with a deadly weapon. Neither party requested a lesser-included instruction on aggravated assault, and no such lesser included offense instruction was submitted. Appellant therefore cannot rely upon a statutory provision that justifies production of a weapon in a *threat* of force (even the threat of serious bodily injury or death), when the evidence shows without contradiction that he, in fact, *used* deadly force to cause serious bodily injury or death.

## Provoking the Difficulty

Appellant also argues, however, that by failing to submit his requested Section 9.04 instruction to the jury, the trial court somehow hampered his ability to respond to the prosecutor's jury argument that it should reject Appellant's claim of self-defense on the ground that Appellant had provoked the difficulty.[3] The Court does not address this

---

[2] That Section 9.04 should be read to apply only to justify *threats* of force (or deadly force) and not the actual *use* of force (or deadly force) is reinforced by its historical pedigree. Section 9.04 is a carryover from the 1925 Penal Code. *See* Section 9.04, V.A.P.C., Practice Commentary, at 251 (West 1974) ("The second sentence [of Section 9.04] appears aimed at preserving the principle of [former] Penal Code art. 1267. That [former] article excepted from the offense of deadly threat (art. 1265) threats made in self-defense."). Former Article 1265 in the 1925 Penal Code had made it an offense to "seriously *threaten* to take the life of any human being or to inflict upon any human being any serious bodily injury[.]" V.A.P.C. Article 1265, at 805 (West 1961) (emphasis added).

[3] Without further elaboration, Appellant argues:

particular argument, though I think it merits a response.

The jury was indeed instructed on provoking the difficulty. [4] It was told that, should it find that Appellant acted first in the encounter, in such a way as to provoke Mai into using or appearing to use deadly force against him, and with the specific intent to create a pretext to kill Mai, then it must reject Appellant's self-defense claim. [5] Appellant does not

---

The omitted jury instruction deprived [Appellant of] the ability to argue that the display of his gun was justified under the law. On the other hand, the State was allowed to exploit the error by arguing that [Appellant's] lawful act of displaying his gun provoked the difficulty with the complainant and therefore argued for the jury to find against him on the issue [of] self-defense.

Appellant's Brief at 41.

[4] In *Smith v. State*, 965 S.W.2d 509, 513 (Tex. Crim. App. 1998), the Court explained:

A charge on provocation is required when there is sufficient evidence (1) that the defendant did some act or used some words which provoked the attack, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm on the other.

[5] With respect to provoking the difficulty, the trial court instructed the jury:

You are further instructed as part of the law of this case, and as a qualification of the law on self-defense, that the use of force by a defendant against another is not justified if the defendant provoked the other's use or attempted use of unlawful force, unless:

(a) the defendant abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and
(b) the other person, nevertheless, continues or attempts to use unlawful force against the defendant.

So, in this case, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Happy Tran Pham, immediately before the difficulty, then and there did some act, or used some language, or did both, as the case may be, with the intent on his, the defendant's, part, to produce the occasion for shooting Pierre Mai, and to bring on the difficulty with the said Pierre Mai, and that such words and conduct on the defendant's part, if there was such, were

explain how the trial court's failure to instruct the jury on the terms of Section 9.04 unfairly facilitated the State's reliance on the provoking-the-difficulty doctrine, and I cannot conceive of how it did.

Under the doctrine of provoking the difficulty, the defendant "forfeits his right of self-defense" if he provokes his victim into attacking him so that he might have a pretext for killing him. *Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998). In the context of a homicide prosecution, the doctrine only applies when the defendant is "the first aggressor" in the encounter that resulted in the killing. *See id*. at 519 (analyzing the evidence in a manslaughter case to determine whether it was sufficient to show that the appellant was "the first aggressor" for purposes of supporting submission of a charge on provoking the difficulty).

Here, if the jury were to believe that Appellant acted first in the encounter, then it could not possibly find that Section 9.04 has any application. This is because, under the

---

reasonably calculated to, and did, provoke a difficulty, and that on such account Pierre Mai attacked the defendant with deadly force, or reasonably appeared to the defendant to so attack him or to be attempting to so attack him, and that the defendant then shot Pierre Mai with a firearm, in pursuance of his original design, if you find there was such, then you will find against the defendant on the issue of self-defense.

On the other hand, if you find from the evidence that the acts done or language used by the defendant, if any, were not, under the circumstances, reasonably calculated or intended to provoke a difficulty or an attack by Pierre Mai upon the defendant, or if you have a reasonable doubt thereof, then in such event, the defendant's right of self-defense would in no way be abridged, impaired, or lessened, and, if you so find, or if you have a reasonable doubt thereof, you will decide the issue of self-defense in accordance with the law on that subject given in other portions of this charge, wholly disregarding and without reference to the law on the subject of provoking the difficulty.

terms of Section 9.04, a defendant's "production of a weapon" to create the "apprehension that he will use deadly force if necessary" is justified only by the fact that it is meant to ward off the other person's initial threat of unlawful force. If the jury were to believe that Appellant acted *first*, in the absence of such a threat, his own display of a weapon could not possibly serve that function. Section 9.04 would simply have no application.

If, on the other hand, the jury in this case chose to believe Appellant's version of events—that he was reacting to Mai, not the other way around—it might readily have been persuaded that Mai was the "first aggressor" in the encounter, rather than Appellant. Appellant did not require a Section 9.04 instruction to make that argument in rebuttal to the prosecutor's reliance on provoking the difficulty. For these reasons, I reject Appellant's claim that the lack of a Section 9.04 instruction adversely affected his ability to respond to the prosecutor's provoking-the-difficulty argument.

## FAILURE TO INVESTIGATE MITIGATION AT PUNISHMENT

I also agree with the Court's disposition of Appellant's second ground for review as well. And, while the Court's opinion does not speak to the issue at all, I agree with the court of appeals' conclusion that trial counsel made a sufficiently well-informed decision not to present testimony from mitigation witnesses who would be subject to potentially neutralizing cross-examination regarding Appellant's activities in the ten years preceding trial. *Pham*, 595 S.W.3d at 782. It was not unreasonable for him to conclude that a jury would regard the testimony of any character witness who had no recent knowledge of Appellant's whereabouts and activity to have been detrimentally stale. It was also not unreasonable for him to conclude that any character witnesses who *did* claim to have more

recent information pertaining to Appellant's character would either have had to admit to an awareness of his unlawful activities—which would have undercut any positive assessment of his character—or admit to having *no* such awareness—which would have made their opinions of his positive character seem uninformed, disingenuous, or naive. The court of appeals correctly concluded that trial counsel's failure to investigate evidence of Appellant's positive character traits did not constitute constitutionally deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984).

I do believe it important to address, however, something that the court of appeals observed that deserves comment. The court of appeals reasoned:

> As trial counsel averred, his trial strategy was to establish that appellant acted in self-defense. Prioritizing appellant's self-defense claim over the presentation of mitigation witnesses that had no knowledge of appellant's current character, or possibly had knowledge of appellant's drug-dealing activities, or possibly had helped appellant elude capture, is a reasonable strategic decision.

*Pham*, 595 S.W.3d at 782–83. The Court would not need to endorse this aspect of the court of appeals' reasoning before affirming its judgment, and I do not.

On the contrary, trial counsel is constitutionally obliged to provide effective assistance of counsel at both the guilt and punishment phases of trial. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). Any genuine deficiency in his investigation of, and preparation for, the punishment phase of trial could not be excused merely because he was confident that his guilt-phase strategy, if vigorously pursued, would prove successful—even if that confidence were well-founded. Nor may trial counsel appropriately regard any residual doubt that may still

linger during the punishment phase as a sufficient presentation of mitigating evidence, at least without further investigation into available mitigating evidence, or else a reasonable basis to determine that such further investigation is unnecessary. *Cf. Franklin v. Lynaugh*, 487 U.S. 164, 172–74 (1988) ("Our edict that, in a capital case, 'the sentencer . . . [may] not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense,' . . . in no way mandates reconsideration by capital juries, in the sentencing phase, of their 'residual doubts' over a defendant's guilt."). Trial counsel's belief that his client will be acquitted, *by itself*, does not provide a reasonable basis to determine that a punishment-phase investigation is unnecessary. To suggest otherwise was a mistake.

With these supplemental comments, I join the Court's opinion.


FILED:                  February 9, 2022
PUBLISH